# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICIA SCUGGINS, | ) |
| Plaintiff, | ) |
| | ) Case No. 16-CV-522-JED-PJC |
| v. | ) |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

Before the Court is the Report & Recommendation ("R&R") (Doc. 19) of United States Magistrate Judge Paul J. Cleary on review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying the Plaintiff, Patricia Scuggins, disability benefits. Judge McCarthy recommends that the Court affirm the Commissioner's decision finding Plaintiff not disabled. Ms. Scuggins filed a timely Objection (Doc. 20) to the R&R. Reviewing the Objection de novo, the Court has considered the Administrative Record ("Record") (Doc. 13), the parties' briefs, the R&R, Plaintiff's Objection, and the Commissioner's Response (Doc. 21), and concludes that the Commissioner's determination should be affirmed and the R&R should be accepted.

**I.      Background**

Judge Cleary accurately summarized the background of plaintiff's disability claim and the decision of the Administrative Law Judge (ALJ) (Doc. 19 at 3-5), and the Court adopts that summary. Plaintiff objects to the R&R on two grounds, which will be addressed below.

## II. Standard of Review

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." The Court's task of reviewing the Commissioner's decision involves determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* "It is 'more than a scintilla, but less than a preponderance.'" *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Martinez v. Barnhart,* 444 F.3d 1201, 1204 (10th Cir. 2006) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

## III. Specific Objections

### A. Medical Opinion Evidence

Plaintiff first contends that the ALJ erred in giving greater weight to the opinions of non-examining agency consultants than to the opinions of Ms. Scuggins' treating physicians. Plaintiff points out that, due to when the non-examining agency reports were completed, those consultants were unable to consider her most recent medical reports (R. 691-757, 770-806).

"Generally the opinion of a treating physician is given more weight than that of an examining consultant, and the opinion of a non-examining consultant is given the least weight." *Tietjen v. Colvin*, 527 F. App'x 705, 708 (10th Cir. 2013) (unpublished); *see also Robinson v.*

*Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2007)), 20 C.F.R. § 416.927(c)(1)-(2). In some circumstances, however, the opinion of a non-examining source "may be entitled to greater weight than the opinions of treating or examining sources." SSR 96-6p, 1996 WL 374180, at *3 (superseded by SSR 17-2p, 2017 WL 3928306 (effective March 27, 2017)). In that case, the ALJ must provide a "legally sufficient explanation" for rejecting the opinion of a treating physician in favor of the opinion of a non-examining source. *Robinson*, 366 F.3d at 1084.

In regard to Plaintiff's mental impairments, the ALJ thoroughly explained her reasoning for giving the medical opinions of Plaintiff's treating physicians, Dr. Jeannette Ramos-Fast and Dr. Charles D. Van Tuyl, diminished weight. (R. 101, 103-04). Specifically, she found that Dr. Ramos-Fast's opinion was inconsistent with the record of her treatment of Plaintiff and that Dr. Van Tuyl's opinions were not supported by the totality of the medical evidence. (R. 101, 103).

The ALJ also determined that the non-examining medical opinion at the reconsideration level was consistent with Plaintiff's Global Assessment of Functioning (GAF) score, her level of daily activities, and her interaction with family, as reported by Dr. Peter Ciali, the consultative examiner. (R. 105). Moreover, the Court finds nothing in the Plaintiff's most recent medical records that show a material change in her condition that would render the non-examining source opinion stale. *See Tarpley v. Colvin*, 601 F. App'x 641, 644 (10th Cir. 2015) (unpublished). On June 12, 2014, Plaintiff reported that she was "doing fine" on her current medications and that her moods were stable and she was happy. (R. 738). On July 10, 2014, Plaintiff reported that "her depression [was] under good control, no problems, and no manic episodes." (R. 740). She reported feeling depressed on July 18, 2014 (R. 744), but then stated that her moods were stable and that she felt happy on September 2, 2014. (R. 776). On December 4, 2014, she stated that her moods were "basically stable" and that she had no manic episodes, despite experiencing some

seasonal depression. (R. 778). On December 31, 2014, she reported symptoms of PTSD, schizoaffective disorder, anxiety, panic, and insomnia. (R. 780). However, her physician noted on that date—as he had in previous treatment notes—that her thought process was logical; her thought content was normal; hallucinations, delusions, and obsessions were absent, her recent and remote memory was good; her attention span and concentration was good, her fund of knowledge was good; she had reported no problem concentrating; and her judgment and insight was good. (R. 780-81). Also, far from ignoring these more recent medical records, the ALJ discussed them rather thoroughly in her decision. (R. 95, 103).

Overall, the Court finds that substantial evidence supports the ALJ'S RFC assessment that Plaintiff is "limited to simple routine tasks," that "she is able to perform superficial and incidental work-related interaction with coworkers and supervisors," but that she "should have no significant public interaction required for completion of job tasks." (R. 98). The Court finds no reversible error in ALJ's decision to give greater weight to the non-examining psychologist's opinion than to the other medical opinions.

As to Plaintiff's physical impairments, the ALJ explained that she was giving the treating physician's opinion diminished weight because it was inconsistent with that physician's own treatment notes and with the consultative examiner's findings. (R. 101). She also determined that the non-examining medical consultant's RFC assessment of medium work was consistent with the findings of the consultative examiner. (R. 105). Furthermore, the ALJ included an extensive analysis of the medical evidence—including the more recent medical records (R. 94, 101-103)—in her decision.

The Court finds that the ALJ provided a legally sufficient explanation for giving greater weight to the non-examining medical consultant's opinion in regard to Plaintiff's physical

4

limitations. The Court agrees with Judge Cleary's conclusion that the ALJ did not commit error and that her RFC is supported by substantial evidence.

**B. "Credibility"**

Plaintiff argues that Judge Cleary misunderstood her argument concerning the ALJ's credibility assessment.[1] She contends in her Objection that the ALJ ignored findings by Dr. Ramos-Fast and Dr. Harold Z. DeLaughter, the consultative examiner, in finding the Plaintiff's allegations only partially credible. (Doc. 20 at 3).

As explained in the R&R, "[c]redibility determinations are peculiarly the province of the finder of fact" and courts must "not upset such determinations when supported by substantial evidence." *Cowan v. Astrue*, 552 F.3d 1182, 1190 (10th Cir. 2008) (quoting *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)). Upon review of the the Record and the ALJ's decision, the Court finds that the ALJ's credibility assessment is supported by substantial evidence. Plaintiff's argument that the ALJ "did not factor in" certain evidence boils down to an invitation to re-weigh the evidence.

Here, the ALJ did not, as Plaintiff suggests, ignore Dr. DeLaughter's findings of decreased sensation in her left fingers and hand and positive Tinel's test in the left elbow. The ALJ specifically considered those findings in her decision, but she put them in the context of Dr. DeLaughter's other relevant findings:

> On examination, the claimant did have decreased sensation of the left fingers and hand and positive Tinel's test in the left elbow. However, Dr. DeLaughter found the claimant was able to oppose the finger to the thumb adequately, she had normal

---

[1] The Court notes that the Social Security Administration rescinded its policy interpretation ruling SSR 96–7p regarding "credibility" and superseded it with a new policy interpretation ruling, SSR 16–3p. The purpose was to "eliminat[e] the use of the term 'credibility,'" as the regulations do not use that term, and to "clarify that subjective symptom evaluation is not an examination of an individual's character." SSR 16–3p. However, the new policy interpretation ruling was not in effect until March 28, 2016, and the ALJ in this case issued her decision on March 9, 2015.

> final tactile manipulation of objects, and her grip strength was 5/5 bilaterally. . . . [H]e went on to say that, his examination findings were more likely consistent with a peripheral neuropathy given the history of trauma to the wrist, versus a more likely cubital tunnel syndrome, versus diabetic peripheral neuropathy.

(R. 94). The ALJ concluded that Dr. DeLaughter's findings, as well as the other objective medical evidence, "[did] not wholly support the physical limitations alleged in [Plaintiff's] testimony," but that the evidence did support limiting Plaintiff's RFC to medium work. (R. 100).

The ALJ also thoroughly described Dr. Ramos-Fast's medical opinion and compared it to Dr. Ramos-Fast's treatment notes from several different examinations. (R. 100-101). Ultimately, the ALJ gave Dr. Ramos-Fast's medical opinion little weight, finding it to be inconsistent with those treatment notes and the findings of Dr. DeLaughter. (R. 101).

In sum, the ALJ did not ignore evidence that supported Plaintiff's credibility—she gave certain evidence less weight for specific reasons. It is not the Court's role to re-weigh the evidence. Because the ALJ's credibility determination is supported by substantial evidence, it must stand.

## IV. Conclusion

Having found no reversible error in the ALJ's decision, upon concluding that the ALJ applied the correct legal standards and the decision is supported by substantial record evidence, and agreeing with Judge Cleary's R&R, the Court overrules Plaintiff's Objection (Doc. 20). Accordingly, the Court **accepts** the R&R (Doc. 19) and the recommendation that the Commissioner's decision finding plaintiff not disabled be affirmed. Accordingly, the Commissioner's decision is **affirmed**. A separate Judgment will be entered forthwith.

**DATED** this 9th day of March, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE